


Department of the Treasury
Internal Revenue Service
2970 Market St
Stop 2.HO4.133
Philadelphia, PA 19104

**IRS Notice CP118**

```
161440.501230.373784.9518 1 AB 0.593 693
```



US DISTRICT COURT TNW
167 N MAIN ST STE 242
MEMPHIS TN 38103-1821

161440

December 16, 2024

An Internal Revenue Service (IRS) contractor has been charged with the unauthorized inspection or disclosure of your tax return or return information, between 2018 and 2020.[1]

## What you need to know

- The Government's analysis of the material received from the contractor indicates that your information that was disclosed was narrow in scope and limited to information returns (e.g., Forms 1099, Schedule K-1, etc.) issued by the business to a taxpayer, including issuer/recipient Taxpayer Identification Numbers, (Social Security Number (SSN) and Employer Identification Number (EIN)), name, address, and other information from the information returns. IRS is notifying all issuers and recipients of the information returns.

## Where to find more information

- We have enclosed copies of Internal Revenue Code (IRC) Section 7431 and the criminal charge with this letter. IRC 7431(a) provides for civil claims for unauthorized disclosure of return information.

- The Department of Justice (DOJ) is prosecuting this matter and has provided information about the Crime Victims' Rights Act and the status of this criminal case at Justice.gov/Criminal-VNS/Case/United-States-V-Charles-Littlejohn.

- If you have any questions about your rights under the Crime Victims' Rights Act, please email DOJ at CRM-PIN.Victims@USDOJ.gov.

- If you have questions about the law or any private right of action you may have, you should consult an attorney.

- Visit IRS.gov/DataDisclosure to learn more about this notice.

- If you have questions for IRS about this matter, you can email us at Notification.7431@IRS.gov. Please do not email sensitive information (e.g., EINs, business addresses, bank routing and account numbers or other sensitive Business or Personally Identifiable Information).

Enclosures:
IRC Section 7431
Copy of criminal information, U.S. v. Littlejohn

---

1. See 26 USC Sec. 7431, as amended by the Taxpayer Browsing Protection Act of 1997.

Notice CP118

Page 1 of 1
Internal use only: 29 202448

26 U.S. Code § 7431 - Civil damages for unauthorized inspection or disclosure of returns and return information.

**(a) IN GENERAL**

**(1) INSPECTION OR DISCLOSURE BY EMPLOYEE OF UNITED STATES**

If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

**(2) INSPECTION OR DISCLOSURE BY A PERSON WHO IS NOT AN EMPLOYEE OF UNITED STATES**

If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in a district court of the United States.

**(b) EXCEPTIONS**

No liability shall arise under this section with respect to any inspection or disclosure—

(1) which results from a good faith, but erroneous, interpretation of section 6103, or

(2) which is requested by the taxpayer.

**(c) DAMAGES**

In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the sum of—

(1) the greater of—

(A) $1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or

(B) the sum of—

(i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus

(ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus

(2) the costs of the action, plus

(3) in the case of a plaintiff which is described in section 7430(c)(4)(A)(ii), reasonable attorney fees, except that if the defendant is the United States, reasonable attorney fees may be awarded only if the plaintiff is the prevailing party (as determined under section 7430(c)(4)).

**(d) PERIOD FOR BRINGING ACTION**

Notwithstanding any other provision of law, an action to enforce any liability created under this section may be brought, without regard to the amount in controversy, at any time within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure.

**(e) NOTIFICATION OF UNLAWFUL INSPECTION AND DISCLOSURE**

If any person is criminally charged by indictment or information with inspection or disclosure of a taxpayer's return or return information in violation of—

(1) paragraph (1) or (2) of section 7213(a),

(2) section 7213A(a), or

(3) subparagraph (B) of section 1030(a)(2) of title 18, United States Code,

the Secretary shall notify such taxpayer as soon as practicable of such inspection or disclosure. The Secretary shall also notify such taxpayer if the Internal Revenue Service or a Federal or State agency (upon notice to the Secretary by such Federal or State agency) proposes an administrative determination as to disciplinary or adverse action against an employee arising from the employee's unauthorized inspection or disclosure of the taxpayer's return or return information. The notice described in this subsection shall include the date of the unauthorized inspection or disclosure and the rights of the taxpayer under such administrative determination.

**(f) DEFINITIONS**

For purposes of this section, the terms "inspect", "inspection", "return", and "return information" have the respective meanings given such terms by section 6103(b).

**(g) EXTENSION TO INFORMATION OBTAINED UNDER SECTION 3406**

For purposes of this section—

(1) any information obtained under section 3406 (including information with respect to any payee certification failure under subsection (d) thereof) shall be treated as return information, and

(2) any inspection or use of such information other than for purposes of meeting any requirement under section 3406 or (subject to the safeguards set forth in section 6103) for purposes permitted under section 6103 shall be treated as a violation of section 6103. For purposes of subsection (b), the reference to section 6103 shall be treated as including a reference to section 3406.

**(h) SPECIAL RULE FOR INFORMATION OBTAINED UNDER SECTION 6103(K)(9)**

For purposes of this section, any reference to section 6103 shall be treated as including a reference to section 6311(e).